Basile v Wiggs (2019 NY Slip Op 05101)





Basile v Wiggs


2019 NY Slip Op 05101


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-08135
 (Index No. 11621/04)

[*1]Christopher Basile, appellant, 
v
Sherry Wiggs, defendant; Lydia S. Antoncic, nonparty-respondent.


Richard A. Medina, New York, NY, for appellant.
Lydia S. Antoncic, New Rochelle, NY, nonparty-respondent pro se.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from a money judgment of the Supreme Court, Westchester County (Janet C. Malone, J.), dated June 7, 2017. The money judgment is in favor of nonparty Lydia S. Antoncic and against the plaintiff in the total sum of $8,876.16.
ORDERED that the money judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.
On October 2, 2014, the Supreme Court, Westchester County, issued an order appointing nonparty Lydia S. Antoncic as the attorney for the child in the parties' divorce action. The plaintiff was directed to pay 100% of Antoncic's fees, and was directed to pay $3,000 on account, which he did. The order indicated, in relevant part, that Antoncic could not demand payment from any party except for payments authorized by the order, and that she could make an application to the court on notice to each parent for any further award of fees, whether interim or final, in accordance with the Westchester Supreme Court Matrimonial Part Operational Rules. The application was to include an affirmation of services identifying what services were required and, if fees were sought, an estimate of the time and funds necessary to complete the appointment.
Antoncic performed services over and above the $3,000, sent periodic demands for payment to the plaintiff's counsel without first seeking court approval, and subsequently sought a money judgment from the court for additional services she had performed amounting to in excess of $8,000. The plaintiff opposed the issuance of a money judgment alleging, inter alia, that Antoncic had failed to comply with the order appointing her and the rules of the matrimonial part. The Supreme Court approved Antoncic's request for additional compensation, and issued a money judgment in favor of Antoncic and against the plaintiff in the total sum of $8,876.16. The plaintiff appeals.
The Westchester Supreme Court Matrimonial Part Operational Rules provide, in relevant part, that "[n]o demand shall be made upon any parent or party for any payment not authorized in an order of the assigned Matrimonial Part Justice" and "[i]n the event that an Attorney for a Child or a court-appointed expert seeks additional interim payment(s) above the amount of the [*2]initial payment, such attorney or expert shall make application to the assigned Matrimonial Part Justice, on notice to each parent and all parties" (Westchester Supreme Court Matrimonial Part Operational Rules rule L[2]). Antoncic did not comply with these rules, or the order appointing her, which contained provisions mirroring the rules. At minimum, the plaintiff had a reasonable expectation that Antoncic would follow the court's rules, and should not be faulted for failing to dispute or pay invoices that had not properly been issued. Under the circumstances of this case, the Supreme Court should not have entered a money judgment without requiring Antoncic to comply with its prior order and the applicable Matrimonial Part Operational Rules .
In the interest of judicial expediency, upon remittal, Antoncic's application for entry of a money judgment may be deemed an application for additional fees pursuant to the order dated October 2, 2014, and the Westchester Supreme Court Matrimonial Part Operational Rules, and the Supreme Court, after giving the plaintiff an opportunity to respond, may enter an appropriate order directing payment, if warranted, taking into account all of the relevant circumstances, including any delay occasioned by Antoncic's failure to comply with the court's rules. We express no view on the reasonableness of Antoncic's fees.
The plaintiff's remaining contention is without merit.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court